IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR UMATILLA COUNTY

| | |
|---|---|
| LUIS DANIEL TREJO DE LA MORA,<br><br>Plaintiff,<br><br>vs.<br><br>KW TRANSPORTATION, LLC,<br><br>Defendant. | Case No. 18CV54389<br><br>COMPLAINT<br><br>(Personal Injuries—Motor Vehicle)<br>(Claim Over $50,000.00)<br>(Not Subject to Mandatory Arbitration)<br>(Fee Authority 21.160(1)(c))<br><br>(Prayer Amount – $638,638.91) |

Plaintiff alleges:

1.

On or about February 4, 2107, Plaintiff was traveling in his vehicle on Interstate 84 near its intersection with Stage Gulch Yoakum Road in Umatilla County, Oregon.

2.

On or about the same date, same time and at the same general location, Defendant's managing member and driver Kim Wright was traveling in his vehicle when he carelessly drove his vehicle causing a collision with Plaintiff.

3.

At said time and place, Defendant's driver had a duty to exercise reasonable care in the operation and control of his vehicle.

//

//

4.

Defendant's driver breached that duty and was negligent in one or more of the following particulars:

    a)    In failing to keep and maintain a proper lookout;

    b)    In traveling at a speed in excess of the basic speed rule, a violation or ORS 811.100;

    c)    In failing to keep and maintain reasonable control of a motor vehicle;

    d)    In using a mobile device while operating a vehicle in violation of ORS 811.507; and

    e)    In carelessly operating his vehicle in a manner that endangered Plaintiff in violation of ORS 811.135.

5.

Defendant's driver's negligence in one or more of the foregoing particulars was a substantial factor in causing the collision between the two vehicles.

6.

As a result of the force of impact to Plaintiff, he was caused to suffer serious and painful injuries to his head, jaw, neck, back, hips and legs; post-concussive syndrome; headaches; annular tear at L4-5; and difficulty performing normal life activities.

7.

The injuries described above are likely to have permanent residual effects. As a result of these injuries Plaintiff has experienced and continues to experience pain and suffering and the limitations of normal and usual activities. Plaintiff should be fully and fairly compensated for these non-economic damages in a sum that is just. An appropriate ceiling for these non-economic damages is $528,000.00. Plaintiff's injuries are continuing and Plaintiff may seek leave of the Court to amend this amount prior to trial.

//

8.

As a further result of the injuries received, Plaintiff has incurred medical expenses in an amount not expected to exceed $40,000.00.  Plaintiff's injuries are continuing and Plaintiff may seek leave of Court to amend this amount prior to trial.

9.

As a further result of collision, Plaintiff has suffered property damages, loss of use of his vehicle, and towing charges in the amount of $70,638.91.

WHEREFORE, Plaintiff prays for judgment against Defendant, for damages as follows:

1. A sum which will fully compensate Plaintiff for pain and suffering, for interference with normal and usual activities, from the date of injury to the present, and from the present into the future in a sum not expected to exceed $528,000.00;

2. A sum which will fully and fairly compensate Plaintiff for medical expenses not expected to exceed $40,000.00;

3. A sum which will fully and fairly compensate Plaintiff for property damages, loss of use of his vehicle, and towing charges, a sum not expected to exceed $70,638.91;

4. Plaintiff's costs and disbursements incurred herein; and

5. For such other and further relief as the Court may deem just and equitable.

EXECUTED November 28, 2018            IDIART LAW GROUP, LLC.

By: s/ Damian M. Idiart_____
Damian M. Idiart, OSB# 010613
damian@idiartlaw.com
Justin I. Idiart, OSB# 111568
justin@idiartlaw.com
Of Attorneys for Plaintiff and Trial Attorneys

COMPLAINT - 3                                        THE IDIART LAW GROUP, LLC
1005 N. Riverside, Suite 100 Medford, OR 97501
Tel:  (541) 772-6969    Fax:  (541) 245-0486

Exhibit A